IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| **DEXTER G. LEWIS,** | : |
| **Plaintiff,** | : |
| VS. | : CIVIL ACTION FILE<br>: NO. 1:04-CV-54 (RLH) |
| **DAN HAGGERTY, JAMES ADAMS, and RICKY HAINES** | : |
| **Defendants.** | : |

**O R D E R**

At the time this *pro se* plaintiff who is proceeding in this § 1983 action *in forma pauperis* filed his complaint he was incarcerated at the Dougherty County Jail, evidently having had roughly six months of a probated sentence revoked. Defendant Dan Haggerty is an administrator at the jail. Defendant James Adams evidently is or was a guard or security officer at the jail. Defendant Ricky Haines is or was the Food Service Coordinator at the jail. Defendant Haines was actually employed by ABL Management Inc., a private corporation that contracted with either Dougherty County or the county sheriff to provide food service to the jail.

All parties herein, through counsel, have heretofore consented in writing pursuant to 28 U.S.C. § 636(c)(1) and (2) for the undersigned full-time United States Magistrate Judge for this District to conduct any and all proceedings in connection with this action, including, but not limited to, the trial of said case and ordering of the entry of judgment herein. Presently pending herein is a motion for summary judgment filed by defendant Haines. Plaintiff was given the required notice of his right to respond in opposition to the motion. Plaintiff has responded although inadequately.

*Summary Judgment Standard*

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Welch v. Celotex Corp., 951 F.2d 1235 (11th Cir. 1992)(citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  When the nonmoving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden of proof at trial.  Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-608 (11th Cir. 1991). "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse parties pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."  Federal Rule of Civil Procedure 56(e).

*Local Rule 56*

Rule 56 of the Local Rules for the United States District Court for the Middle District of Georgia provides in pertinent part that, "[t]he respondent to a motion for summary judgment shall attach to the response a separate and concise statement of material facts, numbered

separately, to which the respondent contends there exists a genuine issue to be tried.  Response shall be made to each of the movant's numbered material facts.  <u>All material facts contained in the moving party's statement which are not specifically controverted by the respondent in the respondent's statement shall be deemed to have been admitted, unless otherwise inappropriate.</u>  (Emphasis added).

*Discussion*

The gist of plaintiff's complaints against these defendants, taken from his complaint and supplemental complaint, is essentially as follows.  Plaintiff had already filed another § 1983 action against defendants Haggerty, Haines, and the county sheriff, complaining about the food served at the jail.  According to the plaintiff, on the date of the events giving rise to the instant lawsuit defendants Haggerty and Haines wanted to discuss the first lawsuit with the plaintiff and evidently read the complaint.  Plaintiff took exception to this request evidently finding same to somehow amount to a denial of his right to reasonable access to the courts.  He refused to discuss his complaint or let either defendant read it, telling them instead to wait until they were served by the United States Marshal.  Plaintiff goes on to allege that when he refused to discuss the matter or show Haggerty and Haines his complaint they, along with defendant Adams, began cursing him and someone referred to him using the "N" word.  In his complaint he states that defendant Adams, grabbed him, handcuffed him and then ran his head into the kitchen door and wall and punched him in the ribs three times.  He also states that after being physically removed from the kitchen, defendant Adams rammed his head into another door.  In his supplemental complaint, which was ordered by the court, he states that defendants Haggerty and Haines made defendant Adams physically abuse him.  Thus plaintiff is essentially maintaining a claim of

excessive force and retaliation for having filed the lawsuit in which he complained about the food.

In his brief defendant Haines argues that he was/is not a "state actor" and is therefore not subject to suit as he was not acting under color of law. "Where a function which is traditionally the exclusive prerogative of the state [feeding prisoners] is performed by a private entity, state action is present." Ancata v. Prison Health Services, 769 F.2d 700, 703 (11th Cir. 1985). "As physicians under contract with the state, the psychiatrists were state actors subject to liability under § 1983." Dolihite v. Maughon, 74 F.3d 1027, 1044 (11th Cir. 1996). The court therefore does not find this argument to be persuasive, controlling, or well made under these circumstances. Defendant Haines is entitled to summary judgment however for a different reason. Being the Food Service Coordinator at the jail, and being in charge of food service, it is completely logical and normal when named as a defendant in civil rights litigation complaining about the food served to want to talk to the plaintiff to see if the problem, if real, can be alleviated. This is even more the case when the plaintiff is proceeding *pro se* as here. How else would one determine the true nature of the complaint and if it might be quickly solved other than by talking? This hardly amounts to a denial of reasonable access to the courts.

Insofar as the retaliation/excessive force claims are concerned defendant Haines' evidence and statement of material facts to which there is no genuine issue show that this defendant did not witness, encourage, participate in, and he has no knowledge of any physical altercation between plaintiff and any employee of the Dougherty County Jail (Haines Aff. ¶¶ 6-7, defendant's statement of material facts, ¶¶ 6-7). Defendant Haines sworn affidavit must be considered as evidence. Plaintiff has submitted no evidence in the form of a sworn affidavit.

Additionally, inasmuch as the plaintiff did not submit a statement of material facts as to which he contends there is a genuine issue, Local Rule 56 requires that the contents of the defendant Haines statement of material fact as to which he contends there is no issue be deemed admitted. Thus, the only evidence before the court is that this defendant had absolutely nothing to do with the alleged acts of retaliation and excessive force by defendant Adams. The defendant has supported his motion with evidence that he was not involved in the retaliation/excessive force aspect of plaintiff's claim. Rule 56(e) of the Federal Rules of Civil Procedure require that the non-movant plaintiff not rest upon the mere allegations or denials of his pleadings, but rather that he come forward with evidence showing that there is a genuine issue for trial. This the plaintiff has failed to do. Plaintiff's "Motion to Deny Defendant Ricky Haines Motion for Summary Judgment" certainly does not rise to the level of sworn affidavit testimony. Not only has it not been sworn to, the plaintiff failed to sign it. Plaintiff's motion amounts to no more than a re-allegation of his complaint. There being no evidence to create a genuine factual issue as to defendant Haines' involvement in the retaliation/excessive force claims, summary judgment in his favor is appropriate. Defendant Haines' motion for summary judgment is GRANTED.

SO ORDERED, this 15th day of August 2006.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE