IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| **DEXTER G. LEWIS,** | : |
| **Plaintiff,** | : |
| | : CIVIL ACTION FILE |
| VS. | : NO. 1:04-CV-54 (RLH) |
| **DAN HAGGERTY, JAMES ADAMS, and RICKY HAINES** | : |
| **Defendants.** | : |

**O R D E R**

A show cause hearing convened on Wednesday, September 6, 2006, for the purpose of having the *pro se* plaintiff show cause why defendants' motion to dismiss the complaint for plaintiff's failure to appear and give his deposition pursuant to notice should not be granted. As a result of the hearing the court has determined the following:

1. On March 10, 2006, defendants' counsel mailed to plaintiff at his correct home address written notice for the taking of his deposition.

2. The deposition was to be taken beginning at 10:00 a.m., Friday, March 17, 2006, at the Albany, Georgia law office of defense counsel.

3. On the morning of March 17, 2006, plaintiff called defense counsel, allegedly from Las Vegas, Nevada, advising him that he just learned of the scheduling of the deposition from his mother that morning. He therefore could not be present for the taking of his deposition on that date. The plaintiff maintains that he is a professional boxer and that he was in Las Vegas

arranging or preparing for a fight.[1]

4. On two different occasions during the phone call plaintiff advised defense counsel that he would have his attorney contact him about rescheduling his deposition.

5. Defense counsel had not been contacted by any attorney representing the plaintiff who appeared *pro se* for the hearing.

The United States District Court for the Middle District of Georgia has historically been somewhat lenient with *pro se* litigants like plaintiff. On the other hand, plaintiff chose to commence this litigation and therefore is responsible to make himself available for discovery purposes. He also has a duty to diligently prosecute this matter or have it dismissed. Plaintiff acknowledged that he was aware of the court's admonition contained in the order which allowed this case to proceed that failure to give his deposition could result in dismissal of his complaint. If the plaintiff departed for Las Vegas, Nevada prior to the notice arriving at his home and he did not find out about the deposition date and time until March 17, 2006, there is no way that he could be present.

Plaintiff will be given the benefit of the doubt on this one occasion. Defendants' motion to dismiss is therefore **DENIED.** Plaintiff is strictly warned however that although he is proceeding herein *pro se*, the Federal Rules of Civil Procedure nonetheless apply to him. There is a limit to the court's future leniency. Plaintiff is directed to diligently prosecute this matter, which includes making himself available for the taking of his deposition, if not by agreement,

---

[1] The court must state the it finds it somewhat incredulous that plaintiff was about to participate in a fight, especially when according to the transcript of the March 17, 2006 phone call between plaintiff and defense counsel, plaintiff stated: "I still have head injuries. I'm still going through, you know, having symptons from the head injuries, back injuries, that I'm trying to work through, you know, from that, so it would be a whole different ball game." P.6, l. 16-20

then pursuant to notice.

SO ORDERED, this 12th day of September 2006.

>                     */s/ Richard L. Hodge*
>                     RICHARD L. HODGE
>                     UNITED STATES MAGISTRATE JUDGE